UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN LUTZ                                                                    CIVIL ACTION

VERSUS                                                                        NUMBER: 18-6704

UNITED STATES OF AMERICA                                                      SECTION: "F"(5)

### REPORT AND RECOMMENDATION

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915.  (Rec. docs. 2, 4).

Invoking 42 U.S.C. §1983 and the Fourteenth Amendment, *pro se* Plaintiff, Susan Lutz, has filed the instant lawsuit against Defendant, the United States of America.  (Rec. doc. 1). After identifying the parties to this proceeding, Plaintiff's complaint begins as follows:

> The body of Lutz contains at [a] minimum devices which do the following: thought transmission, vision transmission, memory erasure, thought inductance, global positioning system, resurrection from the dead, the selective cloaking of sights, bodily transformation, radio reception, and a motor skills controller.  Lutz also has reason to believe that her body contains DNA sequencing technology, and also possibly other technology that she is unaware of.  Many of these devices allow for Lutz's body to be remotely controlled by others.
>
> Lutz knows that many of her memories are inaccurate, and would like to point out that the facts stated herein are according to those memories, and the multitude of indirect hints that she has received for most of the last 46 years.

(Rec. doc. 1, p. 2).

Subsequent to providing a statement of the Court's jurisdiction and repeating the identities of the parties, Plaintiff, through a series of separately-numbered paragraphs, further alleges, *inter alia*,:  that she was once royalty, resided in Great Britain, and was a part of Camelot, as were her adoptive sister and an acquaintance in the form of Guinevere and Lancelot; that her unspoken thoughts have often been expressed by total strangers; that she

was transported via a "time machine" and was duped into thinking that she was born in 1971 although she suspects that she was actually "reborn" in that year when objects were surgically implanted in her body; that she has been the victim of multiple crimes, including, but not limited to, murder and dismemberment, crimes that were likely started immediately after the devices were implanted; and that sometimes objects and people are "cloaked" such that she cannot see them. (*Id.* at pp. 3-10). Plaintiff seeks declaratory and injunctive relief,[1/] attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, *et seq.*, and such other relief as the Court may deem as just and proper. (*Id.* at p. 10).

As noted above, Plaintiff is proceeding *in forma pauperis* in this matter pursuant to 28 U.S.C. §1915. (Rec. doc. 4). As directed by that statute, courts are to dismiss such matters at any time it is determined, *inter alia*, that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact. *Booker v. Koonce*, 2 F.3d 114, 115 n. 6 (5th Cir. 1993). Factual frivolousness includes those allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733 (1992); *Ancar v. SARA Plasma*, 964 F.2d 465, 468 (5th Cir. 1992). Similarly, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court. *Dilworth v. Dallas County Comm. College District*, 81 F.3d 616, 617 (5th Cir. 1996). Dismissal under the "substantiality doctrine" is reserved for complaints containing "truly fanciful allegations" such as those "… suggesting bizarre conspiracy theories, fantastic manipulations of their will or mind, and any sort of supernatural interventions …" *McCastle v. United States*, No. 15-CV-0420, 2016 WL

---

[1/] Plaintiff suggests that "[i]f the Court is not aware … of the individuals that … [she] needs injunctive relief from, she asks that the Court please consult President Donald J. Trump on her behalf to find out." (Rec. doc. 1, pp. 9-10).

7496170 at *2 (E.D. Tex. Nov. 14, 2016), *adopted*, 2016 WL 7626595 (E.D. Tex. Dec. 30, 2016).

Measured by the foregoing standards, Plaintiff's complaint should be dismissed as frivolous for being fantastic, delusional, and wholly incredible.  *Thibeaux v. Cain*, 425 Fed.Appx. 399 (5th Cir. 2011)(action regarding wire implanted in plaintiff's body which was used to monitor him); *Thibeaux v. Gee*, No. 18-CV-0004, 2018 WL 2054589 at *3 (M.D. La. Mar. 16, 2018), *adopted*, 2018 WL 2050152 (M.D. La. May 2, 2018((same); *Thibeaux v. Gee*, No. 17-CV-0668, 2017 WL 6884338 at *3 (M.D. La. Nov. 3, 2017), *adopted*, 2018 WL 343890 (M.D. La. Jan. 9, 2018)(same); *McCastle*, 2016 WL 7496170 at *2.  The facial frivolity of Plaintiff's complaint also implicates the substantiality doctrine and warrants dismissal on that basis as well.  *McCastle*, 2016 WL 7496170 at *2.  Further, Plaintiff's reliance on §1983 is misplaced as the named Defendant is not a state actor acting under color of state law as that statute requires.  *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987).  Plaintiff also fails to point to a waiver of the sovereign immunity that the federal government otherwise enjoys.  *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000 (1994); *McCastle*, 2016 WL 7496170 at *2.  For all these reasons, it will be recommended that Plaintiff's suit be dismissed with prejudice pursuant to §1915(e)(2)(B)(i).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this 19th day of July, 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4